# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4735 | **DATE** | April 4, 2003 |
| **CASE TITLE** | *Levenfeld et al. v. Boyd et al.* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum and Order, this Court DENIES Defendant Crowe's Motion to Strike Plaintiffs' Second Amended Complaint [40-1] and Plaintiffs' Motion to Strike Appearance for Defendants NM Holdings, DCI Holding, PFFS [38-1]. It is so ordered.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | APR 0 9 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 58 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| RTS | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW W. LEVENFELD and HOWARD GOLDMAN | )<br>)<br>) |
| Plaintiffs, | )<br>)<br>) Hon. Blanche M. Manning |
| v. | )<br>) Case No. 02 C 4735 |
| DAVID BOYD et al. | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiffs Andrew Levenfeld and Howard Goldman brought the instant action alleging that Defendants David Boyd, Jim Daffada, North Manchester Holdings, Inc., Ronald F. Prebish Irrevocable Trust, Lawrence Shane, Richard Fanslow Trust No. 314, Crowe Chizek and Company, LLP, North Manchester Foundry, Inc., DCI Holding Co., PFFS, Inc., Ronald Prebish, and Richard Fanslow (collectively, "Defendants"), violated federal and state securities law and the Illinois Consumer Fraud Act, in connection with Plaintiffs' purchase of a minority interest in North Manchester Holdings, Inc. ("NM Holdings"), which indirectly owns all the outstanding stock of North Manchester Foundry, Inc. ("the Foundry"). The present matter comes before this Court on: (1) Defendant Crowe Chizek and Company, LLP's ("Crowe") Motion to Strike Plaintiffs' Second Amended Complaint [40-1], pursuant to Federal Rule of Civil Procedure 8(a) and (e)[1]; and (2) Plaintiffs' Motion to Strike Appearance for Defendants NM Holdings, DCI Holding, PFFS [38-1]. For the reasons that follow, both motions are DENIED.

---

[1] Defendants Shane, Prebish, and the Prebish Irrevocable Trust ("Prebish Trust") have joined Crowe's Motion to Strike.

DOCKETED
APR 0 9 2003

58

## BACKGROUND[2]

This case stems from the purchase by Plaintiffs of a minority interest in NM Holdings, which indirectly owns all of the outstanding stock of the Foundry. NH Holdings owns DCI Holding, which in turn owns PFFS, which owns the Foundry (collectively, "the Foundry Ownership Group").

Defendants allegedly played various roles in the operation and control of the Foundry Ownership Group and in the sale of the shares of NH Holdings to Plaintiffs. Defendant Boyd is a director of the Foundry, NH Holdings, and PFFS, and the majority owner of NH Holdings. Likewise, Defendants Prebish, the Prebish Trust, Shane, and Fanslow held various executive positions and had ownership interests in the Foundry Ownership Group. Defendant Daffada acted as in-house counsel to the Foundry Ownership Group. Defendant Crowe is an accounting firm which provided auditing and accounting services to the Foundry, NM Holdings, PFFS, and DCI Holding and prepared various documents in connection with the sale of the ownership interest to Plaintiffs.

In early January of 2000, after expressing an interest in purchasing a stake in the Foundry, Daffada gave Plaintiffs a Confidential Information Memorandum ("the Memorandum"), which detailed the Foundry's finances and business plan. The Memorandum was prepared by Crowe and Defendant Shane in 1999. Crowe allegedly told Plaintiffs that the information contained in the Memorandum was current. The managing director and a partner at Crowe told Plaintiffs that the Foundry was a "cash cow" and the "investment was a no brainer."

---

[2] The facts in the Background section are taken from Plaintiffs' Second Amended Complaint. Although this action stems from a very complicated transaction, because the instant motions do not require a detailed recitation of the facts, the Court will only briefly review the facts as they relate to the present motions.

2

In late January of 2000, after performing due diligence, Plaintiffs, with the assistance of Crowe, prepared an offer to purchase an interest in the Foundry. Defendants, however, did not accept this offer.

Almost a year later, in December 2000/January 2001, Daffada informed Plaintiffs that Defendants were still interested in selling an interest in the Foundry, and that if Plaintiffs were still interested, they should prepare an offer within 30 days. Plaintiffs subsequently made an offer which was accepted.

In connection with the purchase of the Foundry, Defendants allegedly made several material misstatements regarding the financial condition and outlook of the Foundry. For example, Crowe and Boyd told Plaintiffs that there were "no significant changes in the financials or management of the Foundry" and that the status of the Foundry was essentially the same as when Plaintiffs made their first offer the previous year. Likewise, Prebish allegedly made material misstatements to Plaintiffs regarding the management of the Foundry. Additionally, the Memorandum, which was prepared by Crowe and Shane, allegedly contained several material misstatements and omissions. Plaintiffs contend that they would not have invested in the Foundry but for Defendants' misrepresentations.

After learning that the Foundry was not as financially sound as they were led to believe and of Defendants' misrepresentations and omissions, Plaintiff brought the instant action and then moved to amend their complaint. After the filing of the Amended Complaint, Defendants Shane, Prebish, and the Prebish Trust brought a motion to dismiss the Amended Complaint on the grounds that: (1) Plaintiffs lacked standing; (2) the action was barred by the statute of limitations; and (3) Plaintiffs failed to allege a claim under the Securities Exchange Act of 1934.

In response to this motion, Plaintiffs sought leave to and were permitted to amend the Amended Complaint. Subsequently, Plaintiffs filed the Second Amended Complaint, which Defendants Crowe, Shane, Prebish, and the Prebish Trust seek to strike pursuant to Rule 8. In addition, Plaintiffs seek to strike the appearance of attorneys Shelly and Jeffery Kullin for Defendants NM Holdings, DCI Holding, and PFFS, on the grounds that they have a conflict of interest. The Court will discuss both of these motions in turn.

## DISCUSSION

### I. Rule 8 Motion to Strike

Defendants Crowe, Shane, Prebish, and the Prebish Trust contend that this Court should strike the Second Amended Complaint, pursuant to Rule 8, because the allegations in the Second Amended Complaint, which is 138 paragraphs, "make it impossible for [them] to determine what precisely it is that plaintiffs claim [Defendants] [have] done and how plaintiffs claim to be damaged." Defendants, however, have not pointed the Court to any specific portions of the Second Amended Complaint.

The Federal Rules of Civil Procedure only require the complaint to give the defendant fair notice of the claim. Conley v. Gibson, 355 U.S. 41, 47 (1957). A complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2). Rule 8(e)(2) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Unlike fact pleading, notice pleading does not require the plaintiff to detail the facts of its case or evidence. Conley, 355 U.S. at 47; Am. Nurses' Ass'n v. State of Illinois, 783 F.2d 716, 727 (7th Cir. 1986). The primary purpose of Rule 8 is that a "complaint must be presented with intelligibly sufficient facts

4

for a court or opposing party to understand whether a valid claim is alleged and if so what it is." Wade v. Hopp, 993 F.2d 1246, 1249 (7th Cir. 1993).

Here, while the Second Amended Complaint is rather lengthy, this action involves a complex transaction brought against numerous defendants. After carefully examining the Second Amended Complaint, the Court finds that it clearly pleads sufficient facts in a cognizable and readable manner, in compliance with Rule 8's requirements. The Second Amended Complaint is replete with specific allegations of misstatements by Defendants Crowe, Shane, and Prebish (the person in control of the Prebish Trust), which were allegedly made to entice Plaintiffs to purchase an interest in the Foundry. For example, the Memorandum, which was prepared by Crowe and Shane, allegedly contained several material misstatements and omissions. Crowe told Plaintiffs that there were "no significant changes in the financials or management of the Foundry" and that the status of the Foundry was essentially the same as when Plaintiffs made their first offer the previous year. Likewise, Prebish allegedly made material misstatements to Plaintiffs regarding the management of the Foundry. Consequently, this Court denies the motion to strike.

In denying this motion, the Court notes that Defendants' motion contains assertions that the Second Amended Complaint failed to state a claim and did not set forth "the who, what, when, where, how, and why of each of the defendants' conduct." These contentions, however, are not relevant to a Rule 8 motion. Instead, Defendants should have brought these contentions in a motion to dismiss under Rules 12(b)(6) and 9(b).

## II. Motion to Strike Counsels' Appearance

Plaintiffs seek to strike the appearance of attorneys Shelly and Jeffery Kullin ("the Kullins") for Defendants NM Holdings, DCI Holding, and PFFS. Plaintiffs contend that the Kullins representation of these Defendants creates an impermissible conflict of interest with their concurrent representation of Defendants Boyd and Daffada, who are directors, owners, and executives of NM Holdings, DCI Holdings, and PFFS. The alleged conflict, according to Plaintiffs, stems from the fact that in inducing Plaintiffs to purchase an interest in the Foundry Ownership Group, Defendants Boyd and Daffada took actions which were "against the shareholder interests" of Defendants NM Holdings, DCI Holding, and PFFS.

Although Plaintiffs have not specifically cited to any local rule, it appears that their contention falls within the purview of Northern District of Illinois Local Rule 83.51.7, which states that:

> (a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:
> (1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and
> (2) each client consents after disclosure.
>
> (b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:
> (1) the lawyer reasonably believes the representation will not be adversely affected; and
> (2) the client consents after disclosure.
>
> (c) When representation of multiple clients in a single matter is undertaken, the disclosure shall include explanation of the implications of the common representation and the advantages and risks involved.

Before discussing whether Plaintiffs have a valid argument under LR 83.51.7, however,

6

standing to bring the instant motion to disqualify the Kullins from representing Defendants NM Holdings, DCI Holding, and PFFS.

## CONCLUSION

For the reasons discussed, this Court DENIES Defendant Crowe's Motion to Strike Plaintiffs' Second Amended Complaint [40-1] and Plaintiffs' Motion to Strike Appearance for Defendants NM Holdings, DCI Holding, PFFS [38-1]. It is so ordered.

ENTER:

DATE: 4-4-03

_____
BLANCHE M. MANNING
U.S. DISTRICT COURT JUDGE